# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

MAHOGANY HINTON,
individually and on behalf of
all others similarly situated,

      Plaintiff,

  v.

                                CASE NO. 19-cv-585

ART'S PERFORMING CENTER, LLC
d/b/a DESIRE BY: THE ART'S PERFORMING CENTER,

and

LYLE MESSINGER,

      Defendants.

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

---

## PRELIMINARY STATEMENT

1.    This is a collective and class action brought by Plaintiff Mahogany Hinton, individually and on behalf of the members of the proposed classes identified below. Plaintiff and the putative class members are, or were, employees of Defendants Art's Performing Center, LLC d/b/a Desire By: The Art's Performing Center and Lyle Messinger (collectively referred to hereinafter as "Art's Performing Center") at times since April 23, 2016. Within the statutory period of three years from the filing of this complaint, Art's Performing Center has had uniform policies and practices of failing to pay minimum wages, overtime premium compensation,

and to compensate Plaintiff Hinton and the putative class members for all hours worked in violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin law. Within the statutory period of two years from the filing of this complaint, Art's Performing Center has also fined Plaintiff Hinton and the putative class members in violation of Wis. Stat. § 103.455.

2.     As a result, Art's Performing Center has denied Plaintiff Hinton and the putative class members of minimum wages and overtime compensation in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") as well as minimum wages, overtime compensation and agreed-upon wages in violation of Wisconsin law. Further, Plaintiff Hinton and the putative class members have been subject to multiple illegal fines as a result of Art's Performing Center's policies.

3.     Plaintiff Hinton brings this action, individually and on behalf of other similarly situated current and former Art's Performing Center employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid minimum wages, unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

4.     Plaintiff Hinton also bring this action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid minimum wages, unpaid overtime compensation, illegal deductions, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

6.     The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin Milwaukee Division because a substantial part of the events or omissions giving rise to the claims occurred within the district and Art's Performing Center has and has had substantial and systematic contacts in this district within the relevant statutory periods.

## PARTIES

8.     Defendant Art's Performing Center, LLC d/b/a Desire By: The Art's Performing Center is a Wisconsin Limited Liability Company with its principal place of business in League City, Texas.

9.     Defendant Art's Performing Center, LLC d/b/a Desire By: The Art's Performing Center has a Wisconsin location located in Milwaukee, Wisconsin.

10.     Defendant Art's Performing Center, LLC d/b/a Desire By: The Art's Performing Center's registered agent of service is Michael T. Reindl located at 1141 N. Old World 3rd Street, #1504, Milwaukee, Wisconsin 53203.

11.     Defendant Lyle Messinger ("Messinger") owns and operates Art's Performing Center, LLC d/b/a Desire By: The Art's Performing Center.

12.     Defendant Messinger oversees the day-to-day operations of Art's Performing Center through his respective LLC and has operational control of the company. Defendant Messinger has control over all human resources and compensation aspects of Art's Performing Center's operation. Defendant Messinger can hire, fire, and discipline Art's Performing Center's employees, including its exotic dancers. Defendant Messinger determined the rates and methods of compensation for Art's Performing Center's employees, including its exotic dancers.

13.     Joinder of Defendants is proper pursuant to Fed.R.Civ.P. 20(a)(2) because Plaintiff's rights to relief are asserted against all Defendants and are arising out of the same series of occurrences and common questions of law and fact.

14.     Defendants Art's Performing Center, LLC d/b/a Desire By: The Art's Performing Center and Lyle Messinger will be collectively referred to hereinafter as "Art's Performing Center."

15.     Plaintiff Mahogany Hinton ("Hinton") is an adult who resides in Miami Dade County in the State of Florida. Plaintiff Hinton's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A to and is made a part of this Complaint.

16.     Plaintiff Hinton has worked for Art's Performing Center as an exotic dancer at times since approximately May 2017.

17.     Plaintiff Hinton brings this action on behalf of herself and all other similarly situated employees in the FLSA Minimum Wage Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Minimum Wage Class** is defined as follows:

> All persons who worked as an exotic dancer for Art's Performing Center and who were not paid minimum wages for each hour worked since April 23, 2016.

18.     Plaintiff Hinton brings this action on behalf of herself and all other similarly situated employees in the FLSA Overtime Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Overtime Class** is defined as follows:

> All persons who worked as an exotic dancer for Art's Performing Center and who were not paid overtime premium compensation at any time since April 23, 2016.

19.     Plaintiff Hinton brings this action on behalf of herself and all other similarly situated employees in the Wisconsin Minimum Wage Class pursuant to FED.R.CIV.P. 23. The **Wisconsin Minimum Wage Class** is defined as follows:

> All persons who worked as an exotic dancer for Art's Performing Center and who were not paid minimum wages for each hour worked since April 23, 2017.

20.     Plaintiff Hinton brings this action on behalf of herself and all other similarly situated employees in the Wisconsin Overtime Class pursuant to FED.R.CIV.P. 23. The **Wisconsin Overtime Class** is defined as follows:

> All persons who worked as an exotic dancer for Art's Performing Center and who were not paid overtime premium compensation at any time since April 23, 2017.

21.     Plaintiff Hinton brings this action on behalf of herself and all other similarly situated employees in the Wisconsin Deductions Class pursuant to FED.R.CIV.P. 23. The **Wisconsin Deductions Class** is defined as follows:

> All persons who worked as an exotic dancer for Art's Performing Center in Wisconsin and who were subjected to fines at any time since April 23, 2017.

22.     The FLSA Minimum Wage Class and The FLSA Overtime Class will be referred collectively hereinafter as the "Collective Classes."

23.     The Wisconsin Minimum Wage Class, the Wisconsin Overtime Class, and the Wisconsin Deductions Class, will be referred to collectively hereinafter as the "Wisconsin Classes."

24.     The FLSA Minimum Wage Class, The FLSA Overtime Class, the Wisconsin Minimum Wage Class, the Wisconsin Overtime Class, and Wisconsin Deductions Class will be referred to collectively hereinafter as the "Classes."

## GENERAL ALLEGATIONS

25.     Plaintiff Hinton and the Collective Classes work, or have worked, as exotic dancers for Art's Performing Center at times since April 23, 2016.

26.     Plaintiff Hinton and the Wisconsin Minimum Wage Class, Wisconsin Overtime Class, and the Wisconsin Deductions Class work, or have worked, as exotic dancers for Art's Performing Center since April 23, 2017.

27.     Since April 23, 2016, Art's Performing Center has operated a Gentleman's Club providing exotic dancers for its customers.

28.     Upon information and belief, Art's Performing Center, LLC has operated as Desire: By The Art's Performing Center within the relevant statutory periods.

29.     Art's Performing Center labels its exotic dancers as independent contractors.

30.     Despite using the label of "independent contractor," Art's Performing Center retains the absolute right to control and direct the work of its dancers.

31.     Art's Performing Center requires dancers to show up at set times and will fine dancers for failing to follow their strict codes of conduct.

32.     If a dancer does not wear the appropriate clothing, Art's Performing Center will fine that dancer.

33.     If a dancer does not report to the stage when it is her turn to perform, Art's Performing Center will fine that dancer.

34.     Art's Performing Center sets the rate which its exotic dancers can charge for lap dances.

35.     The exotic dancers provide the very service that Art's Performing Center primarily offers – exotic dancing services for paying customers.

36.     The exotic dancers are not paid any wages by Art's Performing Center.

37.     Art's Performing Center's exotic dancers are paid by Art's Performing Center's customers on a per dance basis and tips.

38.     The exotic dancers are tipped employees under the FLSA and Wisconsin law.

39.     For each dance the exotic dancers provide to customers, the exotic dancers pay Art's Performing Center a percentage of the amount the customer pays for the services.

40.     As an example, Art's Performing Center's exotic dancers are required to charge $20.00 for one lap dance. Of that $20.00 the dancer receives from the customer, the dancer must pay Art's Performing Center a fee of $5.00.

41.     Art's Performing Center has not provided its dancers an IRS Form 1099-MISC reflecting a portion of the money Art's Performing Center's customers pay to the exotic dancers from the last fiscal year.

42.     Art's Performing Center does not pay its exotic dancers an hourly wage.

43.     Art's Performing Center charges its exotic dancers a nightly House Fee in order to enter the club and perform dances. This amount changes depending on the day of the week. On Tuesdays and Wednesdays, the House Fee is $20.00. On Thursdays, the House Fee is $35.00. On Friday and Saturdays, the House Fee is $40.00, and on Sundays, the House Fee is $0.00.

44.     Art's Performing Center does not obtain a tip declaration from the exotic dancers recording all tips earned by the exotic dancers.

45.     As a result of Art's Performing Center's above uniform policies, Art's Performing Center's exotic dancers were neither paid minimum wages nor overtime compensation for all hours worked over forty (40) hours in one workweek at various times since April 23, 2016.

46.     Since April 23, 2016, Art's Performing Center has imposed various "fines" on its exotic dancers for alleged violations of Art's Performing Center's company policies.

47.     The deductions for fines assessed by Art's Performing Center have not been authorized in writing by the dancers.

48.     As an example, company policy strictly requires that all exotic dancers are ready and on the floor dancing by the start of their scheduled shifts. If they are not at Art's Performing Center or ready to work at that set time, they are fined $20.00. For each half-hour the exotic dancers are late to their scheduled shifts, they are fined an additional $20.00.

49.     As a result of Art's Performing Center's uniform practice to impose various punitive fines on its exotic dancers, Art's Performing Center took illegal deductions from its dancers' at various times since April 23, 2017.

50.     Art's Performing Centers' conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Hinton and the Classes.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

51.     Plaintiffs Hinton and the Collective Classes that she brings this action on behalf of, are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Art's Performing Center's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them a minimum wage for each hour worked and overtime compensation for each hour worked over forty (40)

hours in one workweek. The claims of Plaintiff Hinton stated herein are the same as those of the Collective Classes she seek to represent.

52.     Plaintiff Hinton and the Collective Classes seek relief on a collective basis and challenge Art's Performing Center's policies and practices which lead to federal wage violations.

53.     As a result of the above alleged uniform pay practices, Art's Performing Center has failed to pay Plaintiff Hinton and the FLSA Minimum Wage Class the required minimum wages for all hours worked.

54.     As a result of the above alleged uniform pay practices, Art's Performing Center has failed to pay Plaintiff Hinton and the FLSA Overtime Class overtime compensation for all hours worked over forty (40) in a workweek.

55.     The Collective Classes are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, social security numbers, and addresses are readily available from Art's Performing Center. Notice can be provided to the Collective Classes via first class mail to the last address known to Art's Performing Center and through posting at Art's Performing Center's Milwaukee, Wisconsin location in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

56.     Plaintiff Hinton brings her Wisconsin state law claims, pursuant to Wisconsin wage and hour laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Classes for violations occurring on or after April 23, 2017.

57. The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Art's Performing Center.

58. The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Art's Performing Center, upon information and belief, there are at least 15 members in the Wisconsin Classes.

59. Plaintiff Hinton's minimum wage and illegal deductions claims are typical of those claims which could be alleged by any member of the Wisconsin Minimum Wage Class and the Wisconsin Deductions Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Minimum Wage Class and the Wisconsin Deductions Class in separate actions. The alleged claims arise out of the same corporate practices of Art's Performing Center and Art's Performing Center benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Minimum Wage Class and Wisconsin Deductions Class member. Plaintiff Hinton and other members of the Wisconsin Minimum Wage Class and the Wisconsin Deductions Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

Case 2:19-cv-00585-NJ   Filed 04/23/19   Page 11 of 21   Document 1

60. Plaintiff Hinton is able to fairly and adequately protect the interests of the Wisconsin Minimum Wage Class and the Wisconsin Deductions Class and has no interests antagonistic to the Wisconsin Class.

61. Plaintiff Hinton's overtime claim is typical of those claims which could be alleged by any member of the Wisconsin Overtime Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Overtime Class in separate actions. The alleged claims arise out of the same corporate practices of Art's Performing Center and Art's Performing Center benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Overtime Class member. Plaintiff Hinton and other members of the Wisconsin Overtime Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

62. Plaintiff Hinton is able to fairly and adequately protect the interests of the Wisconsin Overtime Class and has no interests antagonistic to the Wisconsin Class.

63. There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members, such as:

   a) Whether Art's Performing Center's exotic dancers are employees or independent contractors;

   b) Whether Art's Performing Center violated Wisconsin's wage and hour laws by failing to pay Plaintiff Hinton and the Wisconsin Minimum Wage Class the applicable minimum wage rate for all hours worked;

c)  Whether Art's Performing Center violated Wisconsin's wage and hour laws by failing to pay Plaintiff Hinton and the Wisconsin Overtime Class the applicable overtime compensation rate for all hours worked over forty (40) hours in one workweek; and

d)  Whether Art's Performing Center's actions as described in this Complaint were willful violations of Wisconsin law.

64.  There are questions of fact and law common to the Wisconsin Deductions Class that predominate over any questions affecting only individual members, such as:

a)  Whether Art's Performing Center's exotic dancers are employees or independent contractors;

b)  Whether Art's Performing Center violated Wisconsin law by imposing a series of fines on Plaintiff Hinton and the Wisconsin Deductions Class for alleged violations of company policy; and

c)  Whether Art's Performing Center obtained authorization, in writing, prior to fining its exotic dancers.

65.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a wealthy corporate Defendant, particularly those with relatively small claims.

66. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the claims.

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938 as Amended

67. Plaintiff Hinton, on behalf of herself and the Collective classes, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

68. Since April 23, 2016, Plaintiff Hinton and the Collective Classes have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

69. Art's Performing Center is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

70. Since April 23, 2016, Art's Performing Center was an employer of Plaintiff Hinton and the Collective Classes as provided under the FLSA.

71. As a result of the above alleged practices, Art's Performing Center violated the FLSA by failing to account for and compensate Plaintiff Hinton and the FLSA Minimum Wage Class at the applicable minimum wage rate since April 23, 2016.

72. As a result of the above alleged practices, Art's Performing Center violated the FLSA by failing to account for and compensate Plaintiff Hinton and the

FLSA Overtime Class at the applicable overtime compensation rate since April 23, 2016.

73.     Plaintiff Hinton and the FLSA Minimum Wage Class are entitled to damages equal to the mandated minimum wage since April 23, 2016, plus periods of equitable tolling because Art's Performing Center acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

74.     Plaintiff Hinton and the FLSA Overtime Class are entitled to damages equal to the mandated overtime compensation rate since April 23, 2016, plus periods of equitable tolling because Art's Performing Center acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

75.     Art's Performing Center has failed to post certain information regarding the FLSA in its establishment.

76.     Art's Performing Center's failure to properly compensate Plaintiff Hinton and the FLSA Minimum Wage Class was willfully perpetrated and Plaintiff Hinton and the FLSA Minimum Wage Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

77.     Art's Performing Center's failure to properly compensate Plaintiff Hinton and the FLSA Overtime Class was willfully perpetrated and Plaintiff Hinton and the FLSA Overtime Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime

compensation described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

78.     Alternatively, should the Court find that Art's Performing Center did not act willfully in failing to pay minimum and overtime premium wages, Plaintiff Hinton and the Collective Classes are entitled to an award of pre-judgment interest at the applicable legal rate. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum wages.

## SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law – Unpaid Minimum and Overtime Wages

79.     Plaintiff Hinton, on behalf of herself and members of the Wisconsin Classes, re-allege and incorporate all previous paragraphs as if they were set forth herein.

80.     Since April 23, 2017, Plaintiff Hinton and the members of the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 109.01 *et seq*.

81.     Since April 23, 2017, Plaintiff Hinton and the members of the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 103.001 *et seq*.

82.     Since April 23, 2017, Plaintiff Hinton and members of the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 104.01 *et seq*.

Case 2:19-cv-00585-NJ   Filed 04/23/19   Page 16 of 21   Document 1

83.     Since April 23, 2017, Plaintiff Hinton and members of the Wisconsin Classes were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

84.     Since April 23, 2017, Plaintiff Hinton and members of the Wisconsin Classes were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

85.     Since April 23, 2017, Art's Performing Center was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

86.     Since April 23, 2017, Art's Performing Center was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

87.     Since April 23, 2017, Art's Performing Center was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

88.     Since April 23, 2017, Art's Performing Center was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

89.     Since April 23, 2017, Art's Performing Center was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

90.     Since April 23, 2017, Lyle Messinger has employed, and/or continues to employ Plaintiff Hinton and the members of the Wisconsin Classes as within the meaning of Wis. Stat. §§ 109.01 *et seq.*

91.     Since April 23, 2017, Lyle Messinger has employed, and/or continues to employ Plaintiff Hinton and the members of the Wisconsin Classes as within the meaning of Wis. Stat. §§ 103.001 *et seq.*

92.     Since April 23, 2017, Lyle Messinger has employed, and/or continues to employ Plaintiff Hinton and the members of the Wisconsin Classes as within the meaning of Wis. Stat. §§ 104.01 *et seq.*

93.     Since April 23, 2017, Lyle Messinger has employed, and/or continues to employ Plaintiff Hinton and the members of the Wisconsin Classes as within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

94.     Since April 23, 2017, Lyle Messinger has employed, and/or continues to employ Plaintiff Hinton and the members of the Wisconsin Classes as within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

95.     Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

96.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of minimum and overtime wages.

97.     As set forth above, Plaintiff Hinton and the members of the Wisconsin Classes have not received legally required compensation as a proximate result of Art's Performing Center's violations. Accordingly, Plaintiff Hinton, on behalf of herself and the Wisconsin Classes, seek damages in the amount of their respective unpaid minimum wage and overtime compensation, injunctive relief requiring Art's Performing Center to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff Hinton and

the Wisconsin Classes may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

98.     Plaintiff Hinton, on behalf of herself and the Wisconsin Classes, seeks recovery of attorneys' fees and the costs of this action to be paid by Art's Performing Center, pursuant to the Wisconsin law.

**THIRD CLAIM FOR RELIEF**
**Violation of Wisconsin Law – Illegal and Unauthorized Deductions**

99.     Plaintiff Hinton, on behalf of herself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

100.     Since April 23, 2017, Plaintiff Hinton and the Wisconsin Deductions Class members were subject to Art's Performing Center's common policies, programs, practices, procedures, protocols, routines, and rules of willfully fining Plaintiff Hinton and the Wisconsin Deductions Class in violation of Wis. Stat. § 103.455.

101.     As set forth above, Plaintiff Hinton and the Wisconsin Deductions Class members have sustained losses as a result of Art's Performing Center's fines. Accordingly, Plaintiff Hinton, on behalf of herself and the Wisconsin Deductions Class, seek damages in the amount of the fines taken within the relevant statutory period, injunctive relief requiring Art's Performing Center to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 103.455, Plaintiff Hinton and the Wisconsin Deductions Class are entitled to twice the amount of the illegal deductions.

102.    Plaintiff Hinton, on behalf of herself and the Wisconsin Deductions Class, seek recovery of attorneys' fees and the costs of this action to be paid by Art's Performing Center, pursuant to the Wisconsin law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Hinton, on behalf of herself and on the behalf of all members of the Collective Classes, Wisconsin Classes, and the Wisconsin Deductions Class request the following relief:

a)  An Order designating this action as a collective action on behalf of the Collective Classes and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b)  An Order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Class;

c)  An Order designating Plaintiff Hinton as the Named Plaintiff and as representative of the Collective Classes, Wisconsin Classes and Deduction Class set forth herein;

d)  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

e)  Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Art's Performing Center's actions as described in the Complaint as unlawful and in violation of the Wisconsin Law and applicable regulations;

f)  An Order finding that Art's Performing Center violated the FLSA and Wisconsin's wage and hour law;

g)  An Order finding that these violations were willful;

h)  Judgment against Art's Performing Center in the amount equal to the Plaintiff Hinton's, the Collective Classes', the Wisconsin Classes', and the Wisconsin Deduction Class' unpaid wages at the applicable minimum wage and overtime rates;

Case 2:19-cv-00585-NJ   Filed 04/23/19   Page 20 of 21   Document 1

i) An award in the amount of all liquidated damages and penalties as provided under Wisconsin law and the FLSA;

j) An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

k) Such further relief as the Court deems just and equitable.

Dated this 23rd day of April, 2019.

Respectfully submitted,

**_s/ Larry A. Johnson_**
Larry A. Johnson
Bar Number 1056619
Summer H. Murshid
Bar Number 1075404
Timothy P. Maynard
Bar Number 1080953
Attorneys for Plaintiffs

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com