UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MAHOGANY HINTON,
Individually and on behalf of
All others similarly situated,

       Plaintiff,

v.

                                  CASE NO. 19-cv-00585-PP

ART'S PERFROMING CENTER, LLC,

and

LYLE MESSINGER,

       Defendants.

## JOINT FED. R. CIV. P. 26(f) AND CIV. L. R. 16 AND 26 DISCOVERY PLAN

The Parties, by their undersigned counsel and pursuant to FED. R. CIV. P. 26(f) and Civil L. R. 16 and 26, hereby submit the following Joint Fed. R. Civ. P. 26(f) and Civil L. R. 16 and 26 Discovery Plan. Counsel for Plaintiff and Defendants participated in a telephone conference on <u>June 17, 2019</u> and discussed the matters set forth in FED R. CIV. P. 26(f).

    1.    <u>Subject Matter Jurisdiction and Venue</u>: The Parties agree that this Court has subject matter jurisdiction and that the proper venue for adjudication of this matter is in the Eastern District of Wisconsin.

    2.    <u>Nature of the Case</u>: Plaintiff Hinton has brought a purported collective and class action under the Fair Labor Standards Act ("FLSA") and Wisconsin wage

and hour laws, on behalf of herself and other allegedly, similarly-situated individuals, in order to recover unpaid minimum, overtime, and agreed-upon wages. Defendants denies liability and denies that the claims are appropriate for collective or class treatment.

3. <u>Contemplated Motions:</u> Plaintiff will file motions for conditional certification of the FLSA collective class and certification of the Rule 23 class, which Defendants anticipate opposing. The Parties also anticipate filing cross motions for summary judgment as to the merits of Plaintiff's claims and Defendants' affirmative defenses.

4. <u>Preserving Discoverable Information:</u> The Parties will preserve discoverable information including all records containing the information as set forth in subsection b. of Paragraph 5 below.

5. <u>Discovery Plan:</u> The Parties have conferred in good faith and agreed to the following discovery plan:

   a. <u>Rule 26(a)(1) Disclosures:</u> The Parties will exchange FED R. CIV. P. 26(a)(1) disclosures on or before July 12, 2019. Counsel will supplement their initial disclosures pursuant to FED. R. CIV. P. 26.

   b. <u>Possible Subjects of Discovery:</u> Subject on which discovery may be needed, subject to objection, include but are not limited to the following:

i. Records reflecting hours of work performed by Plaintiff and all other putative class members employed by Defendants since April 23, 2016;

ii. Records reflecting the amount of hours for which plaintiff and all putative class members received compensation from Defendants since April 23, 2016;

iii. Records reflecting Plaintiff's compensation and the compensation of all other putative class members employed by Defendants since April 23, 2016;

iv. Records reflecting Defendants' policies, procedures, and practices applicable to Plaintiff and the putative class members at any time since April 23, 2016;

v. Parties' records of all interactions with the Wisconsin Department of Workforce Development – Labor Standards Bureau and U.S. Department of Labor pertaining to compliance with the laws which each agency administers;

vi. Records reflecting Defendants' actions taken to comply with the requirements of the FLSA and Wisconsin wage and hour laws;

vii. Records reflecting the number of weeks that Plaintiff and all other putative class members employed by Defendants worked for Defendants since April 23, 2016;

viii. Records reflecting Defendants' method of calculating Plaintiff's pay and the method of calculating pay for all other putative class members employed by Defendants since April 23, 2016;

ix. Records reflecting Defendants' overtime pay practices and compensation practices applicable to Plaintiff and the putative class members since April 23, 2016;

x. Records reflecting Defendants' practice in scheduling hours of work for Plaintiff and the putative class members since April 23, 2016;

xi. Records reflecting Plaintiff's job duties and responsibilities and the job duties and responsibilities of all other putative class members employed by Defendants since April 23, 2016;

xii. Records reflecting complaints made to Defendants by Plaintiff and/or any other putative class members about Defendants' pay practices and/or time recording practices; and

xiii. Any additional subjects that may arise during the course of this litigation.

c. <u>Approximate Time for Close of Discovery</u>: The Parties anticipate that discovery will be completed by October 30, 2020.

d. <u>Conducting Discovery</u>: The Parties do not believe discovery needs to be conducted in phases or limited.

e. <u>Discovery Disputes</u>: At this time, the Parties have not identified any disputes regarding representative discovery. The Parties agree that they will meet and confer on this issue, pursuant to the requirements of Civil L. R. 37, prior to bringing the matter before the Court.

f. <u>Electronically Stored Information</u>: The Parties have conferred regarding the reasonable accessibility of and burden of discovery of electronically stored information and agree that ESI will be requested, subject to objection, pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The Parties further agree that whenever practicable, ESI shall be produced in an electronic format, agreed to by the parties prior to production, and that to the extent possible all timekeeping and payroll data shall be produced via Microsoft Excel spreadsheets. The Parties will take all necessary steps to preserve ESI from alteration or destruction. The Parties do not anticipate any further issues regarding the discovery of ESI at this point in time. If any disputes arise with regard to ESI, the Parties will follow the requirements of Civil L. R. 37 prior to bringing any matter before the Court.

g. <u>Claims of Privilege/Protection of Trial-Preparation Materials</u>: The Parties agree to comply with Rule 26(b)(5) of the Federal Rules of Civil Procedure with respect to claiming privilege or protecting trial-preparation materials.  The Parties do not anticipate the need for a

separate Federal Rule of Evidence 502(d) order providing for certain protections where attorney/client privileged information is inadvertently produced in discovery at this time. The Parties agree that the Party asserting a claim of privilege or protection of trial-preparation materials must submit a privilege log to the opposing Party contemporaneously with discovery responses and production.

h. <u>Agreement as to Conduct by Counsel in Depositions</u>: The Parties agree to be bound by the Judge David Jones' guidance on Deposition Practice, as revised on September 15, 2016.

i. <u>Claims of Privilege/Protection of Trial Preparation Materials</u>: The Parties agree to comply with Rule 26(b)(5) of the Federal Rules of Civil Procedure with respect to claiming privilege or protecting trial preparation materials.

j. <u>Rule 26(c) or Rule 16(b) Orders</u>: The Parties do not anticipate that the Court will need to enter any orders pursuant to FED. R. CIV. P. 26(c) or FED. R. CIV. P. 16(b) at this point in time.

k. <u>Confidentiality</u>: The Parties agree that there may be information produced in response to discovery requests that is of such a personal and/or confidential nature that a Party requested to produce that information would only do so with appropriate assurances regarding its continued confidentiality. In that event, the Parties have discussed the possibility of requesting a Confidentiality Order in the form

prescribed by and attached as an Appendix to the Local Rules. The Parties agree to confer regarding such issues as soon as possible in order to avoid delays in discovery responses and agree that failing to timely obtain such an order is not reason to avoid timely production of documents.

    l. <u>Location of Depositions</u>: The Parties agree that they will notice depositions to take place at offices of Counsel in Milwaukee. However, should such a deposition require substantial travel, or should depositions at Counsels' offices in Milwaukee be otherwise inconvenient, the Parties agree to confer in good faith to determine the location and method of depositions, including remote video deposition.

6. <u>Possibility of Prompt Settlement/Mediation</u>: The Parties will discuss the possibility of early settlement and potential mediation.

7. <u>Disclosure of Testimony under FED. R. EVID. 702-705</u>: At this point in time, the Parties do not anticipate the need to present expert testimony pursuant to FED. R. EVID. 702-705. As such, the Parties are unaware of the need to limit such testimony at this time. Should a party determine that such a need exists, the Parties will meet and confer in good faith on these issues.

8. <u>Proposed Scheduling Order</u>: Plaintiff proposes the following scheduling order:

    a. <u>Amendments to the Pleadings</u>: By or on October 18, 2019; thereafter by leave of Court.

b. <u>Plaintiff's Motion for Conditional Certification</u>: By or on October 18, 2019. This deadline is for Plaintiff to move for conditional certification pursuant to 29 U.S.C. § 216(b). The briefing schedule will comply with Civil L.R. 7.

c. <u>Briefs and Motions to Certify/Decertify Classes</u>: By or on May 29, 2020. This is the deadline for Plaintiff to seek certification of a Rule 23 class or for Defendants to seek decertification of a conditional FLSA class. The briefing schedule will comply with Civil L.R. 7.

d. <u>Disclosure of All Expert Witnesses</u>: If needed, by or on:

<u>Plaintiff</u>: June 26, 2020; and

<u>Defendants</u>: August 28, 2020.

e. <u>Discovery Cut-Off</u>: October 30, 2020.

f. <u>Dispositive Motions</u>: By or on December 4, 2020.

9. <u>Length of Trial</u>: The Parties estimate that, depending on the outcome of Plaintiff's motion for conditional and class certification as well as Defendants' motion for decertification, the trial will take approximately one week.

10. <u>Electronic Service</u>: The Parties confirm that the documents filed through the Court's ECF system are served by ECF notification. The Parties also consent that service by electronic means shall be allowed as set forth in FED.R.CIV.P. 5(b)(2)(E) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

Dated this 18th day of June, 2019.

| | |
|---|---|
| Respectfully submitted, | Respectfully Submitted, |
| **s/ Nathaniel Cade, Jr.** | **s/Larry A. Johnson** |
| Nathaniel Cade, Jr.,SBN 1028115 | Larry A. Johnson, SBN 1056619 |
| nate@cade-law.com | ljohnson@hq-law.com |
| | Summer H. Murshid, SBN 1075404 |
| | smurshid@hq-law.com |
| | Timothy P. Maynard, SBN 1080953 |
| | tmaynard@hq-law.com |
| **Cade Law Group, LLC** | **Hawks Quindel, S.C.** |
| P.O. Box 170887 | 222 E Erie Street, Suite 210 |
| Milwaukee, WI 53217 | Milwaukee, WI 53202 |
| (414) 255-3802 (phone) | (414) 271-8650 (office) |
| (414) 255-3804 (fax) | (414) 271-8442 (facsimile) |
| **Attorneys for Defendants** | **Attorneys for Plaintiff** |